**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION**<br><br>Plaintiff,<br><br>v.<br><br>**HACKENSACK MERIDIAN HEALTH, INC.**<br><br>And<br><br>**ENGLEWOOD HEALTHCARE FOUNDATION**<br><br>Defendants. | No. 2:20-cv-18140 |

**PARTIES' JOINT STATUS REPORT AND
PROPOSAL FOR CASE MANAGEMENT ORDER**

Plaintiff Federal Trade Commission ("FTC" or "Commission") has met and conferred with Defendants Hackensack Meridian Health, Inc. and Englewood Healthcare Foundation (collectively, "Defendants"). The parties have reached agreement on a number of issues, primarily relating to discovery, and respectfully submit their resolution to those matters for the Court's review. The parties jointly submit the following Respective Proposals for Case Management Order and Schedule.

A.    **TEMPORARY RESTRAINING ORDER**: The Court entered the Stipulation and Temporary Restraining Order on December 4, 2020.

B.    **DISCOVERY**

1.  Initial Disclosures.  The parties will serve the other side with initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within one day of entry of this Order.  The disclosures shall include the name and, if known, the address and telephone number of each individual likely to have discoverable information—along

1

with the subjects of that information—that the disclosing party may use to support its claim or defenses in this action.  If the parties need to supplement or correct their Rule 26(a)(1) disclosures during the pendency of this action, they will do so pursuant to Federal Rule of Civil Procedure 26(e).

2. <u>Fact Discovery.</u>  Fact discovery will begin on January 4, 2021.  The parties shall complete fact discovery by March 12, 2021.  The parties will submit a joint status report at the close of fact discovery.

3. <u>Pre-Hearing Discovery Conference.</u>  This stipulated Order relieves the parties of their duty under Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery plan.

4. <u>Third-Party Discovery.</u>  No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than fourteen (14) calendar days after service.  Each party shall produce all materials received pursuant to a third-party subpoena, and all materials received voluntarily in lieu of a subpoena, including any declarations or affidavits obtained from a third party, to the opposing side within three (3) business days of receiving those materials. Production shall occur in the format the materials were received, except that in the event a third party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the documents, electronic information, or electronic media and produce them in an appropriate timeframe.  Unless otherwise agreed to or with leave of Court upon a showing of good cause, the parties shall produce all declarations of individuals, including third parties, and all letters of support, no later than fourteen (14) calendar days before the close of fact discovery.  Document requests to third parties must be

served no later than February 26, 2021 provided, however, that the parties agree that no depositions shall be taken after the close of fact discovery absent a showing of good cause. Failure to serve a request for documents in sufficient time to allow production in advance of a deposition within the discovery period shall not alone constitute good cause. However, delays in compliance with document subpoenas served sufficiently in advance of the deposition that that a third party attributes to external factors may constitute good cause.

5. Document Requests and Production. There shall be no limit on the number of requests for production the parties may serve. The parties shall serve any objections to requests for the production of documents no later than thirty (30) calendar days after the date of service of the document requests to which they assert objections. Within three (3) calendar days of service of any such objections, the parties shall meet and confer in a good-faith attempt to resolve the objections, and the parties shall also meet and confer with respect to any requests that may present obstacles to a production within the timeframe set forth below. In response to any document requests, the parties need not produce to each other in discovery in this action any documents previously produced by Defendants to Plaintiff in the course of any investigation of the affiliation agreement between Hackensack Meridian Health, Inc. and Englewood Healthcare Foundation, FTC File No. 201-0044. All documents previously produced by Defendant Hackensack or Defendant Englewood to Plaintiff in the course of the investigation of the affiliation agreement between Hackensack Meridian Health, Inc. and Englewood Healthcare Foundation are deemed produced in this matter. All documents previously withheld for privilege by either Defendant Hackensack or Defendant Englewood in the course of the investigation of the

affiliation agreement between Hackensack Meridian Health, Inc. and Englewood Healthcare Foundation are deemed withheld for privilege for the same reasons in this matter as those stated in the investigation.

6. <u>Requests for Admission.</u>  Requests for admission shall be limited to thirty (30) per side.  The parties shall serve objections and responses to requests for admission no later than thirty (30) calendar days after the date of service.

7. <u>Interrogatories.</u>  Each side shall serve no more than twenty-five (25) interrogatories. The parties shall serve objections and responses to interrogatories no later than thirty (30) calendar days after the date of service, subject to Paragraph 8 below.

8. <u>Deadline to Issue Interrogatories to Parties</u>.  The parties shall serve interrogatories to one another no later than two weeks after the opening of fact discovery, except that either side may serve no more than five (5) interrogatories after that date without prior leave of the Court for good cause shown, subject to the limitation on total interrogatories in Paragraph 7.  The parties may issue document requests or requests for admission to one another consistent with the Federal Rules of Civil Procedure and Local Rules.

9. <u>Expert Materials Not Subject to Discovery.</u>  Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

   a) Rule 26(a)(2)(B)(ii) is modified to read: "the facts, data and other information relied on by the witness in forming them."

   b) The following types of information shall not be the subject of any form of discovery and the parties shall not be obligated to preserve such information in any form or include such information on any privilege log except to the

extent the expert relies on such information in forming his or her opinions expressed in his or her expert report(s):

    i.    any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants retained in anticipation of litigation or retained after this litigation commenced and persons assisting the expert(s), or between any such experts or consultants themselves;

    ii.    any form of communication or work product shared between an expert(s) retained in anticipation of litigation or retained after this litigation commenced and persons assisting the expert(s);

    iii.    expert's notes;

    iv.    drafts of expert reports, analyses, or other work product; or

    v.    draft data formulations, draft data runs, draft data analyses, any draft database-related operations, or other such materials not required for production under Paragraph 9.d.ii.

c)    Nothing in this order shall permit a party or a testifying expert to withhold any proposition, fact, belief, data, assumption, information, or other material on which an expert relies in support of her or his opinion(s).

d)    The parties agree that they will disclose the following materials with all expert reports:

    i.    a list of materials, including Bates-stamped documents, relied upon by the testifying expert(s) in forming his or her opinions expressed in his or her report; and copies of any materials relied upon by the

expert not previously produced that are not readily available publicly; and

ii. for any calculations or statistical and/or economic analyses appearing in the report, all data and programs that are necessary to recreate the calculations or analyses from the initial ("raw") data files, including any previously produced Bates-stamped initial ("raw") data files created by an expert or his or her staff, that are used to run the calculations or analyses; and

iii. data, statistical analyses, or other information (including any calculation or exhibit) produced under the obligations in Paragraph 9.d.ii shall be provided in machine-readable format.

10. Disclosure of Expert Materials. At the time an expert is first disclosed by a party, that party shall provide an up-to-date curriculum vitae identifying the background and qualifications of the expert, all publications of the expert within the preceding ten years, and all prior cases in which the expert submitted a report and/or sat for a deposition within the previous five years.  The information required to be produced by Paragraph 9(d) above shall be produced via File Transfer Protocol or similar technological means.  If production via File Transfer Protocol is not feasible, information shall be produced via hard drive on the calendar day after service of the expert reports.  Parties will disclose their experts on February 16, 2021.

11. Exchange of Lists of Witnesses to Appear at Hearing.

a) *Preliminary Fact Witness Lists:*  The parties shall exchange preliminary fact witness lists (to include all potential party and third-party fact witnesses) no later than 5:00 p.m. Eastern Time on January 12, 2021.  No more than

6

seventeen (17) individuals may appear on either side's preliminary fact witness list.  Parties may supplement their list with up to five (5) third parties by 6:00 p.m. Eastern Time on January 29, 2021, for a total of 22 fact witnesses.  Each side shall jointly submit one list.  Lists shall be limited to natural persons or, if unknown for a third party entity, a corporate representative of a specific entity.  Preliminary fact witness lists shall summarize the general topics of each individual witness's anticipated testimony.  The preliminary and supplemental fact witness list shall include the name of the employer of each natural person listed.  Each side may add witnesses by agreement of the parties or with leave of the Court for good cause shown, subject to the twenty-two (22) witness limit described above.  The opposing parties shall have a reasonable opportunity to depose any witness not included on a party's initial preliminary fact witness list but subsequently added thereto.

b)  *Final Witness Lists:*  Parties will meet after the close of fact discovery to discuss in good faith the timing for exchanging final witness lists and the number of witnesses that may appear on either side's final witness list.  Each side shall jointly submit one list.  Final witness lists shall summarize the general topics of each witness's anticipated testimony.  The final witness lists shall identify all witnesses (fact + expert) the producing side expects it may present at the evidentiary hearing, other than solely for impeachment.  Absent agreement of the parties or leave of the Court for good cause shown, no witness may be included on a final witness list who was not listed on a preliminary fact witness list, unless that fact witness was deposed during fact

7

discovery or was an expert who submitted a report in this matter.  Additional witnesses may be added to the final witness lists after these dates only by agreement of the parties or with leave of the Court for good cause shown.

12. Depositions.

a) Deposition Limits.  Each side may depose any witness who is listed on either side's preliminary, supplemental, or final witness list, and in addition may also depose any person who provides a declaration or affidavit or who sat for an investigational hearing during the Plaintiff's investigation.  Each side may take a maximum of five (5) depositions of individuals beyond those listed on either side's preliminary, supplemental, or final witness list and beyond those who provide a declaration or affidavit or who sat for an investigational hearing.  A 30(b)(6) notice counts as no more than one deposition, in the event that a party or third party designates multiple individuals.  Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

b) Allocation of Time.  All depositions, including depositions of fact and expert witnesses, shall proceed in accordance with the Federal Rules of Civil Procedure except that unless agreed upon by the parties and the witness, all depositions will be taken remotely in recognition of the COVID-19 pandemic. Notwithstanding the Federal Rules of Civil Procedure:

      i.     With regard to third parties, each side shall have three-and-a-half (3.5) hours for examination, with unused time by either party reverting to the other side.  For purposes of this Order, former employees, consultants, agents, contractors, or representatives of the parties are considered party witnesses if they are represented by counsel at Defendants' expense (regardless of whether Defendants' counsel represent the former employees).

      ii.    For expert witnesses, the opposing side will have seven (7) hours for examination, absent agreement of the parties or leave of the Court for good cause shown.

      iii.   Unless otherwise agreed or with leave of the Court upon a showing of good cause, each side shall have the opportunity to depose each fact or expert witness only one (1) time.

c)  <u>Notice.</u>  Unless otherwise agreed or with leave of Court upon a showing of good cause, the parties may not serve a deposition notice with fewer than ten (10) calendar days' notice.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on any witness noticed for deposition and to accommodate the witness's schedule.  If a party serves a third-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the third party's compliance with the subpoena for the production of documents or electronically stored information.

9

d) <u>Deposition Designations.</u>  The parties need not designate portions of investigational hearings or depositions taken during the investigation or in the litigation.  The parties reserve the right to object to the admissibility of any investigational hearing or deposition transcript, or any portion thereof.

13. <u>Expert Depositions.</u>  Expert depositions cannot occur until at least five (5) calendar days after submission of any expert's final report.  These dates shall be subject to any revision in the dates that expert reports are produced.  Expert depositions must be completed on or before May 6, 2021.

14. <u>Discovery Uses.</u>  All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding (FTC Docket No. 9399).  Only discovery obtained by a party in the Part 3 administrative proceeding (FTC Docket No. 9399) prior to the close of fact discovery in this proceeding may be used as part of this litigation.

**C.**    **MOTIONS AND BRIEFING SCHEDULE**

15. Plaintiff will file its memorandum in support of its motion for a preliminary injunction by March 22, 2021.  This brief is not to exceed fifty (50) pages.

16. Defendants will file their opposition to the Plaintiff's motion for a preliminary injunction by April 12, 2021.  This brief is not to exceed fifty (50) pages.

17. Plaintiff will file its reply memorandum in further support of its motion for a preliminary injunction by April 29, 2021.  This brief is not to exceed twenty-five (25) pages.

18. Motions to seal documents or testimony identified on either side's exhibit list for use at the evidentiary hearing shall be filed by April 27, 2021 or a date determined by the Court.

19. The parties' proposed findings of fact and conclusions of law shall be submitted by 5:00 pm Eastern Time ten (10) calendar days after the conclusion of the evidentiary hearing.  Each side's proposed findings of fact and conclusions of law shall not exceed seventy-five (75) pages.

**D.**    **PRELIMINARY INJUNCTION EVIDENTIARY HEARING**

20. The parties propose an evidentiary hearing on Plaintiff's motion for a preliminary injunction of no more than six (6) full days (inclusive of opening statements) with eighteen (18) hours allotted to each side to take place on or around May 10, 2021 if convenient for the Court.  Closing arguments will be scheduled at the Court's convenience subsequent to the hearing and will not be counted against either side's allotted time.  Defendants and Plaintiff shall split the time available at the hearing evenly, with direct examination of witnesses counting against the side conducting the direct examination and cross-examination of witnesses counting against the side

conducting the cross-examination.  Plaintiff may reserve a portion of its time for rebuttal.  All objections made at the hearing shall not count against either side's time limit.  Should the Court augment the time available for this proceeding, any additional time shall be divided equally between Plaintiff and Defendants.  The parties will exchange and agree on the day's usage of time at the close of each day's testimony.

**E.**     **OTHER MATTERS**

21. Service.  Service of any documents not filed via ECF, including pleadings, discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the following individuals designated by each party:

> For Plaintiff:
>
> > Jonathan Lasken: jlasken@ftc.gov (principal designee)
> >
> > Emily Bowne: ebowne@ftc.gov
> >
> > Christopher Caputo: ccaputo@ftc.gov
> >
> > Lindsey Bohl: lbohl@ftc.gov
> >
> > Nandu Machiraju: nmachiraju@ftc.gov
> >
> > Cathleen Williams: cwilliams@ftc.gov
> >
> > Samantha Gordon: sgordon@ftc.gov
> >
> > Anthony Saunders: asaunders@ftc.gov
> >
> > Harris Rothman: hrothman@ftc.gov
> >
> > Nathan Brenner: nbrenner@ftc.gov
> >
> > Jacklyn Abernathy: jabernathy@ftc.gov (principal designee)
> >
> > Brittany Hill: bhill1@ftc.gov

For Defendants:

Paul Saint-Antoine: paul.saint-antoine@faegredrinker.com

Kenneth Vorrasi: kenneth.vorrasi@faegredrinker.com

Daniel Delaney: daniel.delaney@faegredrinker.com

Lee Roach: lee.roach@faegredrinker.com

Jonathan Todt: jonathan.todt@faegredrinker.com

John Yi: john.yi@faegredrinker.com

Alison Agnew: alison.agnew@faegredrinker.com

David Dahlquist: DDahlquist@winston.com

Heather Lamberg: HLamberg@winston.com

Jeffrey Kessler: JKessler@winston.com

Jeffrey Amato: JAmato@winston.com

Matt DalSanto: mdalsanto@winston.com

Kevin Goldstein: KBGoldstein@winston.com

Johanna Hudgens: JHudgens@winston.com

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party will telephone or email the other side's principal designees when the materials are sent to provide notice that the materials are being served.  For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

13

22. <u>Answer.</u>  Defendants shall answer the complaint within seven calendar days of entry of this order.

23. <u>Nationwide Service of Process.</u>  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and hearing subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23 to issue from this Court that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at the hearing of a deposition taken in this action.

24. <u>Third-Party Confidential Information.</u>  The Protective Order Concerning Confidentiality ("Protective Order") shall govern discovery and production of Confidential Information.  Any party serving discovery requests, notices, or subpoenas sent to a third party shall provide the third party with a copy of the Protective Order.

25. <u>Privilege Logs.</u>  Defendant Hackensack will produce the privilege log required under provision I 6 of the Second Request issued to it on February 21, 2020 limited to those individuals listed on its December 28, 2020 Initial Disclosures in the Part III Proceeding or its Initial Disclosures in this action, provided that the following types of information need not be placed on such privilege log: email, notes, drafts, communications, memoranda, or other work product produced by or exchanged solely among and between (a) Defendants' Outside Counsel; (b) Defendants' Outside Counsel, on the one hand, and any of Defendants' employee(s), on the other hand; (c)

14

draft regulatory or litigation filings; and (d) draft contracts or agreements.  On July 17, 2020, Defendant Hackensack provided the names of all individuals who provided responsive documents or parts of documents to the Second Request but were withheld in whole or in part under a claim of privilege.  Plaintiff may request production of a privilege log for any of those individuals it determines necessary and the Parties must meet-and-confer on such requests within four (4) business days.  No other or further privilege logs need be produced by any party in this matter.  This provision will not be construed as a waiver by Plaintiff of any challenges it may deem appropriate to make to privilege claims made by Defendants during the course of the investigation or in this litigation.

26. Exhibit Lists.  The parties shall exchange final exhibit lists under Federal Rule of Civil Procedure 26(a)(3), along with electronic copies of all exhibits that appear on the final exhibit lists, by 5:00 pm Eastern Time on April 22, 2021.  Objections to exhibits, if any, will be exchanged by 5:00 pm Eastern Time on May 3, 2021.  Neither side's exhibit list may contain more than six hundred (600) exhibits.  The parties will provide notice to third parties on April 23, 2021 as to which exhibits from that third party appear on each side's exhibit list, and to inform third parties of their right to file Motions to Seal by April 27, 2021 or other date or time of the Court's convenience.

27. Witness Disclosure.  Each side shall provide opposing counsel a list of witnesses the parties intend to present during the first day of the hearing, including the order in which the witnesses will be presented, no later than 9:00 p.m. Eastern Time four (4) calendar days prior to the first day of the evidentiary hearing.  For each subsequent day of the hearing, each side shall provide opposing counsel a list of witnesses the parties intend to present, including the order in which the witnesses will be presented,

no later than 9:00 p.m. Eastern Time four (4) calendar days before the witness is presented. A list of all exhibits anticipated to be used on direct examination of the particular witness will be disclosed to opposing counsel by 9:00 pm Eastern Time two (2) calendar days prior to the hearing day when such witness is intended to be called.[1] With prior notice and permission from the Court, witnesses may be called out of order in either side's case where necessary to accommodate the schedule of the witness.

28. <u>Demonstrative Exhibits.</u> Each side shall disclose direct examination demonstrative exhibits and/or slide decks for use during its case in chief, if any, to opposing counsel by 9:00 p.m. Eastern Time two (2) calendar days and any direct examination demonstrative exhibits and/or slide decks for use during its rebuttal case, if any, to opposing counsel by 9:00 p.m. Eastern Time one (1) calendar day prior to the hearing day when such demonstratives and/or slide decks are intended to be displayed or presented to the Court.

29. <u>Inadvertent Production of Privileged Material.</u> In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product of the inadvertently produced material, provided that the producing party notifies the receiving party within three (3) business days of learning of the inadvertent production. When a party determines that it has inadvertently produced such material, it will notify other parties, who will promptly return, sequester, or delete the

---

[1] The parties will provide the Court with a binder or CD/DVD of PDFs for each day of the hearing, which shall include all direct examination exhibits pertaining to each witness that the parties include on the list of exhibits provided to opposing counsel.

protected material from their document management systems. Within two (2) business days of identifying inadvertently produced information or documents(s), the party seeking claw-back of such materials shall provide a revised privilege log for the identified information or documents. A party may move the Court for an order compelling production of the material, but such party may not assert as a gound for entering such an order the mere fact of inadvertent production. The party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review.

30. <u>Attorney Work Product.</u> The parties will neither request nor seek to compel the production of any interview notes, interview memoranda, or recitation of information contained in such notes or memoranda, created by any party's Counsel. Nothing in this Order requires the production of any party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process privilege or any other privilege.

31. <u>Electronically Stored Information.</u> The parties agree as follows regarding the preservation and production of electronically stored information ("ESI").

    a) All parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this action. In addition, the parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

    b) All parties agree that the use of Technology Assisted Review tools may assist in the efficient production of ESI. However, if a party desires to use such

technologies, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology.

c)   All parties will request ESI in the form or forms that facilitate efficient review of ESI.  In general, the parties will produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation.

32. Evidentiary Presumptions.

a)   Documents produced by third parties from the third parties' files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901.  Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to hearing exhibits.  If a party serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.  The Court will resolve any objections that are not resolved through this means or through the discovery process.

b)   All documents produced by Defendant Hackensack or Defendant Englewood in response to document requests in this litigation or FTC's pre-complaint investigation of the proposed integration agreement, FTC File No. 201-0044, or any prior FTC investigation, are presumed to be authentic.

c)   Any party may challenge the authenticity or admissibility of a document for good cause shown, and if necessary may take discovery related solely to authenticity or admissibility of documents.

33. <u>Discovery Disputes.</u>  Before filing any discovery-related motion, the parties must meet and confer (i.e., in person or by phone, not by email or letter) in a good-faith attempt to resolve the dispute. If the parties are unable to reach an agreement without the Court's intervention, they must comply with Magistrate Judge Clark's procedures with respect to discovery disputes or propose a mutually agreed-upon alternative protocol.

34. <u>Modification of Scheduling and Case Management Order.</u>  Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

**SCHEDULE**

| Event | Dates |
|---|---|
| Discovery Commences | January 4, 2021 |
| Defendants' Answer to Plaintiff's Complaint | Within 7 Calendar Days of Entry of this Order |
| Service of Initial Disclosures | Within 1 Calendar Day of Entry of this Order |
| Exchange of Preliminary Fact Witness Lists | January 12, 2021 |
| Exchange of Supplemental Fact Witness Lists | January 29, 2021 |
| Deadline to Serve Written Discovery to Parties | Within 14 Calendar Days of Opening of Discovery, except for up to five interrogatories per side |
| Deadline to Serve Third-Party Discovery | February 26, 2021 |
| Close of Fact Discovery | March 12, 2021 |
| Joint Status Conference | March 15, 2021 or other date and time of the Court's convenience |
| Plaintiff Produces Expert Report(s) | March 19, 2021 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | March 22, 2021 |
| Defendants Produce Expert Report(s) | April 9, 2021 |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction | April 12, 2021 |
| Exchange of Exhibit Lists | April 22, 2021 |
| Notification to Third Parties regarding Exhibits | April 23, 2021 |
| Plaintiff Produces Rebuttal Expert Report(s) | April 28, 2021 |

| Event | Dates |
|---|---|
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | April 29, 2021 |
| Exchange of Final Witness Lists | TBD at close of fact discovery |
| Motions to Seal Exhibits for Trial | April 27, 2021 or other date or time of the Court's convenience |
| Objections to Exhibits | May 3, 2021 |
| Close of Expert Discovery | May 6, 2021 |
| Pre-Hearing Conference | May 7, 2021 or other date and time of the Court's convenience |
| Evidentiary Hearing Begins | May 10, 2021 |
| Proposed Findings of Fact and Conclusions of Law | Ten calendar days after the hearing ends |

Dated:  January 8, 2020

Respectfully Submitted,

*/s/ Jonathan Lasken*
Jonathan Lasken
Emily Bowne
Lindsey Bohl
Christopher Caputo
Nandu Machiraju
Cathleen Williams

FEDERAL TRADE COMMISSION
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
(202) 326-3296
jlasken@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

*/s/ Paul H. Saint-Antoine*
Paul H. Saint-Antoine (Bar No. 04144-1989)
John S. Yi (Bar No. 11997-2014)
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ  07932
Telephone:       973-549-7000
Facsimile:        973-360-9831
paul.saint-antoine@faegredrinker.com
john.yi@faegredrinker.com

Kenneth M. Vorrasi (admitted *pro hac vice*)
John L. Roach, IV (admitted *pro hac vice*)
Jonathan H. Todt  (admitted *pro hac vice*)
Alison M. Agnew (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW, Suite 1100
Washington, D.C.  20005
Telephone:       202-842-8800
Facsimile:        202-842-8465
kenneth.vorrasi@faegredrinker.com
lee.roach@faegredrinker.com
jonathan.todt@faegredrinker.com
alison.agnew@faegredrinker.com

Daniel J. Delaney (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:    312-569-1000
Facsimile:     312-569-3000
daniel.delaney@faegredrinker.com

*Counsel for Defendant Hackensack Meridian Health, Inc.*

*/s/Kerry Donovan*
Kerry C. Donovan (Bar No. 90772012)
Jeffrey L. Kessler (*pro hac vice* admission pending)
Jeffrey J. Amato (*pro hac vice* admission pending)
WINSTON & STRAWN LLP
200 Park Ave
New York, NY 10166
Telephone: 732-778-8578
KDonovan@winston.com
JKessler@winston.com
JAmato@winston.com

22

Heather P. Lamberg (*pro hac vice* admission pending)
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20037
Telephone: 202-282-5274
HLamberg@winston.com

David E. Dahlquist (*pro hac vice* admission pending)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: 312-558-5600
DDahlquist@winston.com

*Counsel for Defendant Englewood Health Foundation*

Dated: _____        SO ORDERED.


_____
Hon. John Michael Vazquez
United States District Judge