# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>            Plaintiff,<br><br>   v.<br><br>HACKENSACK MERIDIAN HEALTH, INC. and<br><br>ENGLEWOOD HEALTHCARE FOUNDATION,<br><br>            Defendants. | Civil Action No. 2:20-cv-18140<br>Hon. John Michael Vazquez |

**NOTICE OF SERVICE OF THIRD PARTY SUBPOENA**

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Englewood Healthcare Foundation, by and through its attorneys, is serving the attached subpoena on the following:

    New York Society for the Relief of the Ruptured and Crippled, Maintaining the Hospital
    for Special Surgery
    c/o Edward S. Kornreich, Esq.
    Proskauer Rose LLP
    Eleven Times Square
    New York, New York 10036
    ekornreich@proskauer.com

Dated: January 6, 2021				Respectfully submitted,

/s/ *Heather P. Lamberg*
Jeffrey L. Kessler (admitted *pro hac vice*)
Jeffrey J. Amato (admitted *pro hac vice*)
Kerry Donovan (Bar No. 90772012)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10163
Telephone: 212-294-4698
Facsimile:  212-294-4700
jkessler@winston.com
jamato@winston.com
kdonovan@winston.com

Heather P. Lamberg (admitted *pro hac vice*)
WINSTON & STRAWN LLP
1901 L Street, NW
Washington DC 20036
Telephone: 202-282-5274
Facsimile: 202-282-5100
hlamberg@winston.com

David E. Dahlquist (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: 312-558-5660
Facsimile:  312-558-5700
ddahlquist@winston.com

*Counsel for Defendant*
*Englewood Healthcare Foundation*

2

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January, 2021, a true and correct copy of the foregoing was served on the following counsel via email:

Jonathan Lasken
Emily Bowne
Christopher Caputo
Lindsey Bohl
Nandu Machiraju
Cathleen Williams
Samantha Gordon
Anthony Saunders
Harris Rothman
Nathan Brenner
Jacklyn Abernathy
FEDERAL TRADE COMMISSION
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
jlasken@ftc.gov
ebowne@ftc.gov
ccaputo@ftc.gov
lbohl@ftc.gov
nmachiraju@ftc.gov
cwilliams@ftc.gov
sgordon@ftc.gov
asaunders@ftc.gov
hrothman@ftc.gov
nbrenner@ftc.gov
jabernathy@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

Paul H. Saint-Antoine
John S. Yi
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932
paul.saint-antoine@faegredrinker.com
john.yi@faegredrinker.com

Kenneth M. Vorrasi
John L. Roach, IV
Jonathan H. Todt
Alison M. Agnew
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW, Suite 1100
Washington, D.C. 20005
kenneth.vorrasi@faegredrinker.com
lee.roach@faegredrinker.com
jonathan.todt@faegredrinker.com
alison.agnew@faegredrinker.com

Daniel J. Delaney
FAEGRE DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
daniel.delaney@faegredrinker.com

*Counsel for Defendant Hackensack Meridian Health, Inc.*

　　　　　　　*/s/ Heather P. Lamberg*
　　　　　　　Heather P. Lamberg

3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| Federal Trade Commission | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:20-cv-18140 |
| Hackensack Meridian Health, Inc., and Englewood Healthcare Foundation | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: New York Society for the Relief of the Ruptured and Crippled, Maintaining the Hospital for Special Surgery, c/o Proskauer Rose LLP, ATTN: Edward S. Kornreich, Eleven Times Square, New York, NY 10036

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

| Place: Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166-4193 | Date and Time:<br>01/20/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/06/2021

*CLERK OF COURT*

OR

_____          /s/ Heather Lamberg
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Englewood Healthcare Foundation, who issues or requests this subpoena, are:
Heather Lamberg, Winston & Strawn LLP, 1901 L. St. NW, Washington, D.C. 20036
hlamberg@winston.com Tel: 202-282-5274

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:20-cv-18140

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## INSTRUCTIONS

For the purpose of these Requests, the following Instructions shall apply:

A. Unless otherwise specified, this request calls for the production of documents written, prepared, created, sent, or received from January 1, 2018, through the date this subpoena is received.

B. If you have produced documents responsive to this Subpoena to the Plaintiff in the course of the Merger Review, those documents need not be produced again so long as You identify such documents by Bates range or comparable means in your response to this Subpoena.

C. For each request, You are to produce entire documents including all attachments, enclosures, cover letters, memoranda, and appendices. Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) shall be treated as separate documents and produced separately. Each draft of a document is a separate document. A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

D. Where a claim of privilege or other protection from discovery is asserted in objecting to any request or sub-part thereof, and any document is withheld (in whole or in part) on the basis of such assertion, You shall provide a log (the "Privilege Log") in Microsoft Excel format that identifies, where available:

    a. the nature of the privilege or protection from discovery (including but not limited to attorney-client, work product, and deliberative process) that is being claimed with respect to each document;

      b.  the type of each document;

      c.  the date of each document

      d.  the author of each document;

      e.  the addresses and recipients of each document (including those recipients cc-ed or bcc-ed);

      f.  a description of each document containing sufficient information to identify the general subject matter of the document and to enable defendants to assess the applicability of the privilege or protection claimed; and

      g.  the identity of and any production Bates numbers assigned to any attachment(s), enclosure(s), cover letter(s), or cover email(s) of each document, including the information outlined in subsections (a) through (f) above for each such attachment, enclosure, cover letter, or cover email.

Attachments, enclosures, cover letters, and cover emails shall be entered separately on the Privilege Log.  The Privilege Log shall include the full name, title, and employer of each author, addressee, and recipient, denoting each attorney with an asterisk. Submit all non-privileged portions of any responsive document (including non-privileged or redactable attachments, enclosures, cover letters, and cover emails) for which a claim of privilege is asserted, noting where redactions to the documents have been made.

      E.    If You assert that part of the request is objectionable, respond to the remaining parts of the request to which You do not object.  For those portions of any document request to which You object, please state the reasons for such objection and describe the documents or categories of documents that are not being produced.  If no documents are responsive to a particular request, You must state that no responsive documents exist.

F. These document requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.

G. The documents responsive to these requests are to be produced as they were kept in the ordinary course of business, or in the way they were produced or otherwise provided to you from a Third Party, and are to be labeled in such a way as to show which files and offices they came from.

H. The specificity of any single request shall not limit the generality of any other request.

I. Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; and (c) the singular form of a word shall include the plural and vice versa.

J. Provide all electronically stored information ("ESI") in standard, single-page Group IV TIFF format with searchable text and metadata in a Concordance or similar load file. Also, provide any spreadsheet or presentation files, including Microsoft Access, Excel, and PowerPoint files, as well as audio, audiovisual, and video files, in their native formats. Provide all hard copy documents as image files with searchable OCR text and unitize the hard copy documents to the extent possible (i.e., multi-page documents shall be produced as a single document and not as several single-page documents). Hard copy documents shall be produced as they are kept, reflecting attachment relationships between documents and information about the file folders within which the document is found. The use of global deduplication at the family level is permitted, but you must

produce all custodian and path values. Produce the metadata for any responsive ESI with the responsive data, including the following fields: all custodians, author(s), recipient(s), copy recipient(s), blind copy recipient(s), subject, file sent date/time, file creation date/time, file modification date/time, file last accessed date/time, beginning bates, ending bates, parent beginning bates, attachment(s) beginning bates, hash value, application type, file type, file name, file size, all file paths, and all folder paths. Documents produced in native format shall be accompanied by a native link field. Those documents written in a language other than English must be translated into English; submit the foreign language document, with the English translation attached thereto.

    K.    These requests are continuing in nature, and You must supplement Your responses pursuant to Federal Rule of Civil Procedure 26(e). Defendants specifically reserve the right to seek supplementary responses and the additional supplementary production of documents before the preliminary injunction hearing in this Litigation.

## DEFINITIONS

Unless otherwise noted, the following definitions shall apply to these Requests:

1.     "Administrative Proceeding" means the Federal Trade Commission Adjudicative Proceeding, *In re Hackensack Meridian Health, et al.*, FTC Docket No. 9399.

2.     "All" and "each" shall be construed as all and each.

3.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

4.     "Any" means each and every.

5.     "Commercial health insurance" means any insurance plan or product not administered by the Government, including, but not limited to, managed Medicare plans.

"Commercial population" means the populations covered by such commercial health insurance plans.

6. "Communication" or "communications" means all modes of conveying or transmitting information, including but not limited to telephone calls, e-mails and all other forms of electronic communication and electronic messaging, letters, memoranda, conversations, interviews, meetings, hearings, notices, agreements, and other written, electronic or spoken language or graphics between two or more persons, however transmitted or stored.

7. "Complaint," as used herein, means the complaint filed in *Federal Trade Commission v. Hackensack Meridian Health, et al.*, No. 2:20-cv-18140-JMV-JBC (D.N.J.) and any amended complaints that may be filed.

8. "Concerning," "related to," "relating to," or "regarding" mean analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, describing, dealing with, discussing, evidencing, identifying, involving, reporting on, relating to, reflecting, referring to, regarding, studying, mentioning, or pertaining to, in whole or in part.

9. "Defendants" means HMH or Englewood.

10. "Document" (or "document") or "Documents" (or "documents') are defined as broadly as those terms are construed under Rule 34 of the Federal Rules of Civil Procedure, and are meant to include, but are not limited to, all tangible and intangible modes of communicating, conveying or providing any information such as writings, correspondence, communications, notes, witness statements, transcripts, letters, memoranda, drawings, graphs, charts, photographs, discs, computer recordings, electronic mail, spreadsheets, data, databases, and any other data compilations from which information can be obtained, as well as drafts and any non-identical copies.

11. "EHMC" means Englewood Hospital Medical Center and its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives.

12. "Englewood" means Englewood Healthcare Foundation and its predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives.

13. "FTC" means the Federal Trade Commission, its employees, attorneys, accountants, economists, staff, consultants, experts, agents, and representatives, and specifically includes any third party representative or agent, wherever located, acting or purporting to act on behalf of or assisting the FTC in connection with the Merger Review, as defined below.

14. "GAC" means general acute care services.

15. "HMH" means Hackensack Meridian Health and its predecessors, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives.

16. "HUMC" means Hackensack University Medical Center and its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives.

17. "Identify" shall mean (a) regarding an individual, the individual's full name, present address (or, if unknown, the last known address), telephone number, business address and telephone number, and place of employment and position; and (b) regarding an entity, the name under which the entity customarily does business, its address, its telephone number, and, if known, the identity of the individual believed to have the most knowledge with respect to the matters in the relevant Request.

18. "Interviewed" or "interviews" refers to any communications, verbal or otherwise, not specifically identified in deposition transcripts or declarations by or on behalf of the Plaintiff with any individual or entity other than HMH or Englewood regarding the Proposed Transaction.

19. "Litigation" means the case *Federal Trade Commission v. Hackensack Meridian Health, et al.*, No. 2:20-cv-18140-JMV-JBC (D.N.J.).

20. "Merger Review" means the FTC's investigative review of the Proposed Transaction, FTC File No. 201-044, including but not limited to, this Litigation and the Administrative Proceeding.

21. "Narrow Network" means any commercial health insurance plan offered in an area in which any health providers located in that area are excluded from participation.

22. "Northern New Jersey/New York Area," as used herein, means the following counties in New Jersey: Bergen, Hudson, Passaic, and Essex and the following counties in New York: New York, Bronx, and Rockland.

23. "Person" (or "person") means any natural person, corporation, association, organization, firm, company, partnership, joint venture, trust, estate, or other legal or governmental entity, whether state or federal, whether or not possessing a separate juristic existence.

24. "Plaintiff" (or "plaintiff") means the Federal Trade Commission.

25. "Price" means any price, charge or percent of charge, capitation payment, contracted rate, or cost to insurers, health plans, patients, or other customers.

26. "Proposed Transaction" (or "Transaction"), as used herein, means the merger of HMH and Englewood pursuant to the Affiliation Agreement entered on September 23, 2019 as described in the Complaint.

27. "Third Party" (or "third party") means any person or entity other than the FTC, HMH, or Englewood.

28. "Tiered Network" means any commercial health insurance plan in which members pay different out-of-pocket expenses or access different benefits for different "in-network" health providers within the plan.

29. "You" (or "you") or "Yours" (or "yours") means Hospital for Special Surgery, its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, including all healthcare facilities (e.g., hospitals, outpatient facilities, clinics, etc.), its employees, attorneys, accountants, economists, staff, consultants, experts, agents, and representatives, and specifically includes any third party representative or agent, wherever located, acting or purporting to act on behalf of or assisting Hospital for Special Surgery in its involvement with the FTC's Merger Review or the Litigation.

## DOCUMENT REQUESTS

1. A copy of each organizational chart and personnel directory in effect for each of Your facilities that provides inpatient GAC services in the Northern New Jersey/New York Area.

2. All documents relating to the Proposed Transaction, the Merger Review, the Administrative Proceeding, or this Litigation, including but not limited to, Your communications with Plaintiff, the potential effect of the Transaction on Your business or the business of any other healthcare provider, and/or any efforts by You to oppose, prevent, delay, or terminate the Proposed Transaction.

3. Documents sufficient to identify the location of each hospital or other healthcare facility (e.g., outpatient, clinic, physician office) at which You provide inpatient GAC, outpatient, or physician services in Bergen, Hudson, Passaic, or Essex Counties, NJ, and, for facilities opened after January 1, 2018, the date the facility opened.

4. Documents and data sufficient to show Your primary service area and Your secondary service area in which you draw patients for inpatient GAC services, including the zip codes that comprise Your facilities' service areas and Your market shares within those service areas.

5. All strategic and business planning documents, marketing plans, advertising, market studies, forecasts, surveys, or other strategic documents that discuss, analyze or describe competition, competitors, or market share for inpatient GAC, outpatient, or physician services in Bergen, Hudson, Passaic, or Essex Counties, NJ, or which analyze or describe any plans to develop, expand, or reduce Your provision of inpatient GAC, outpatient, or physician services in Bergen, Hudson, Passaic, or Essex Counties, NJ.

6. All reports, presentations, or materials written or created by consultants, advisors, or other third parties engaged by You that discuss, analyze or describe competition, competitors,

or market share for inpatient GAC, outpatient, or physician services in Bergen, Hudson, Passaic, or Essex Counties, NJ, or which analyze or describe any plans to develop, expand, or reduce Your provision of inpatient GAC, outpatient, or physician services in Bergen, Hudson, Passaic, or Essex Counties, NJ.

7. All documents that discuss, analyze or describe any of Your strategic initiatives and operational plans (including, but not limited to, construction of infrastructure and recruitment of physicians) to expand or develop the provision of inpatient GAC, outpatient, or physician services in Bergen, Hudson, Passaic, or Essex Counties, NJ, including but not limited to the rationale and impact on Your inpatient general acute care admissions from You expanding HSS Paramus Outpatient Center in 2017.

8. Documents sufficient to show the identity of physicians who refer patients to Your inpatient GAC hospital(s) that also refer patients to any inpatient GAC hospital operated by HMH or Englewood, and the annual volume of those referrals from January 1, 2018 to the present.

9. All documents and communications reflecting any price/rate, discount or other contract concessions You made or offered or that was requested of You (even if not consummated) to any payor (commercial or managed Medicare) for inpatient GAC, outpatient, or physician services based, in whole or in part, on actual or perceived competition from other healthcare providers in the Northern New Jersey/New York Area for inclusion in that payor's network, including any narrow network or tiered products for which you requested a competing provider would be excluded or placed in a less-favorable tier.

10. Documents sufficient to identify each health plan (commercial or managed Medicare) offered in New Jersey in which You are or have been a participating provider since

January 1, 2018, and all documents or communications discussing the possible or actual termination of Your participation in any such health plan.

11. Documents sufficient to show any letters or other statements of opposition submitted to the New Jersey Department of Health in response to any competing provider's Certificate of Need application relating to inpatient GAC, outpatient, or physician services in the Northern New Jersey/New York Area, from January 1, 2016 to the present.

12. Documents sufficient to show the identity of New Jersey commercial payors with whom you are an in-network provider for at least one commercial product.

13. Documents sufficient to show all marketing materials and advertisements you have created, commissioned or purchased relating to inpatient GAC, outpatient, physician services, or Your services generally, where and when such materials or advertisements were distributed, in what quantity (e.g., number of impressions), the target audience, and the total amount of Your marketing and advertising spend. This request extends to advertisements in any medium, including but not limited to print, television, radio, billboards, internet, social media, and direct mailing.