# EXHIBIT 4

| | |
|---|---|
| **From:** | Lamberg, Heather |
| **To:** | Kass, Colin; Goldstein, Kevin B. |
| **Cc:** | Kornreich, Edward S.; Munkittrick, David A.; Moser, Nicollette R. |
| **Subject:** | RE: FTC v. Hackensack Meridian Health, Inc., et al., No. 2:20-cv-18140 (D.N.J.) - Hospital for Special Surgery |
| **Date:** | Saturday, January 30, 2021 4:55:09 PM |

*This email originated from outside the Firm.*

Colin,

We have reviewed HSS's Objections and Responses to Englewood's January 6, 2021 Subpoena. In short, we strongly disagree with your objections and we continue to believe that HSS is plainly an appropriate target for third party discovery in this matter. However, we recognize that HSS is a non-party and are willing to work with you on burden concerns. To that end, we would like to schedule a time on Monday to discuss your objections and ways to narrow/prioritize our requests to address some of HSS's concerns. While we reserve all rights for the purpose of compromise, below is a summary of the narrowed, priority requests that we propose to focus on:

- **Request No. 2 – Proposed Transaction:** This request is narrowly tailored to the discrete subject of the HMH-Englewood transaction and related FTC investigation and litigation. We understand from your responses that HSS has not provided any documents to the FTC concerning the proposed transaction and not engaged in any effort to oppose it. We also request internal documents, to the extent they exist, in which HSS substantively discussed the proposed transaction or the related FTC investigation/case.

- **Request No. 4 – Service Areas:** This is a discrete request that is limited to documents or data <u>sufficient to show</u> HSS's primary service area ("PSA") and secondary service area ("SSA") for inpatient GAC services, including corresponding zip codes. The FTC has requested the same information in Request No. 3 of its Subpoena. We suspect that HSS, like nearly all hospital systems, looks at PSA and SSA in the ordinary course of business and, thus, it should be able to readily produce such information. We recognize that you object to whether HSS is considered to provide inpatient GAC services, but expect you can interpret this request reasonably to cover HSS's inpatient hospital services and produce responsive information in good faith. Moreover, we are willing to further limit this request to PSA and SSA information for just (i) the HSS Main

Campus and (ii) the HSS system overall.

- **Request Nos. 5 & 6 – Competition in Northern New Jersey:**  We note that these requests are already limited geographically to four counties in New Jersey (Bergen, Hudson, Essex, and Passaic).  In addition, to clarify and narrow the request, we are not asking for documents making a one-off or stray reference to competition, but rather are focused on plans, presentations, memos, forecasts, surveys, or similar strategic documents discussing competition or expansion in these counties.  This request includes seeking documents that discuss HUMC, other HMH hospitals or Englewood hospital, as a competitor to the HSS Main Campus hospital.  We are also interested in documents reflecting how HSS competes for patients in Northern New Jersey through HSS Paramus as a driver of patients to the HSS Main Campus for inpatient procedures.  The FTC has requested this information in Request No. 3 of its Subpoena.

- **Request No. 7 – Growth in Northern New Jersey:**  We note that this request is already limited geographically to four counties in New Jersey (Bergen, Hudson, Passaic, and Essex).  In addition, to clarify we are not asking for documents making a one-off or stray reference to expansion in these NJ counties.  Rather, we are focused on plans, presentations, memos, forecasts, surveys, or similar strategic documents discussing the rationale for building and expanding the HSS Paramus outpatient center and any plans to build or acquire additional facilities in these four counties.  We note that when HSS opened its Paramus location, its CEO explained that "the New Jersey market is an important part of the hospital's growth strategy" and the accompanying press release noted that "HSS already attracts a large patient population from northern New Jersey" and "if surgery is needed, if would be performed at the main hospital in Manhattan."  https://www.hss.edu/newsroom_hss-new-location-paramus-new-jersey.asp.  HSS further invested in and expanded HSS Paramus in 2017.  https://www.hss.edu/newsroom_hss-paramus-outpatient-center-rehabilitation.asp.

- **Request No. 9/10/12 – NJ Payors/Health Plans:**  For Request 10/12, we propose limiting to documents sufficient to identify each NJ payor and each health plan offered in New Jersey in which HSS's Main Campus is or has been a participating provider since January 2018.  For example, we understand that HSS may have recently entered a contract with Horizon

> BCBS.  For such identified NJ plans, we would limit the remainder of these requests to strategic documents discussing the rationale for entering a contractual relationship with a NJ payor, and document sufficient to show the terms of the contract.
>
> - **Request No. 13 – Advertisements and Billboards:**  In an effort to narrow the scope of this request, we propose limiting it to materials and advertisements targeted at Northern New Jersey, including billboards, print ads in local papers, NJ Transit signage, and similar materials.  We are also open to receiving summary information sufficient to identify to the scope of HSS's advertising that targets Northern New Jersey in the first instance, and then reviewing that summary information to identify a narrower subset of advertisements for production, provided that we receive the summary information quickly enough to allow this two step-process.
>
> - **FTC Subpoena** – In addition, in an effort to reduce the burden by coordinating our priorities with the FTC's subpoena, we request HSS produce documents responsive to FTC Subpoena Request Nos. 6, 7, and 8.

Finally, we have reviewed HSS's Document Request to Englewood that you purport to propound under the Federal Rules. Having reviewed the Federal Rules provisions you cited and case law, we have not found any legal basis for a non-party like HSS to serve such discovery requests, and see that courts have reject such attempts.  If you have any authority supporting that those requests are proper, we will review it.

Please let us know when you are available on Monday to discuss.  Have a nice weekend.

Best,

Heather

---

**From:** Kass, Colin <CKass@proskauer.com>
**Sent:** Wednesday, January 27, 2021 11:01 AM
**To:** Lamberg, Heather <HLamberg@winston.com>; Goldstein, Kevin B. <KBGoldstein@winston.com>
**Cc:** Kornreich, Edward S. <EKornreich@proskauer.com>; Munkittrick, David A. <DMunkittrick@proskauer.com>; Moser, Nicollette R. <NMoser@proskauer.com>

**Subject:** FW: FTC v. Hackensack Meridian Health, Inc., et al., No. 2:20-cv-18140 (D.N.J.) - Hospital for Special Surgery

Heather/Kevin,

Pursuant to the parties' agreement, attached are HSS's objections and responses to your January 6, 2021 subpoena. Also, pursuant to Rules 26 and 45(d), attached are document requests propounded upon defendant Englewood Healthcare Foundation. We look forward to your response.

Colin R. Kass

Proskauer Rose LLP
1001 Pennsylvania Ave, N.W.
Washington, DC 20004
202-416-6890
ckass@proskauer.com

---

**From:** Goldstein, Kevin B. <KBGoldstein@winston.com>
**Sent:** Friday, January 8, 2021 11:45 AM
**To:** Kass, Colin <CKass@proskauer.com>
**Cc:** Moser, Nicollette R. <NMoser@proskauer.com>; Lamberg, Heather <HLamberg@winston.com>
**Subject:** RE: FTC v. Hackensack Meridian Health, Inc., et al., No. 2:20-cv-18140 (D.N.J.) - Hospital for Special Surgery

***This email originated from outside the Firm.***

Colin,

Thanks for reaching out. Would noon or 3:30 ET work for you?

Best,
Kevin

---

**From:** Kass, Colin <CKass@proskauer.com>
**Sent:** Friday, January 08, 2021 9:02 AM
**To:** Goldstein, Kevin B. <KBGoldstein@winston.com>

**Cc:** Moser, Nicollette R. <NMoser@proskauer.com>
**Subject:** FW: FTC v. Hackensack Meridian Health, Inc., et al., No. 2:20-cv-18140 (D.N.J.) - Hospital for Special Surgery

Kevin,

    Ed forwarded to me the subpoena you served on HSS. Do you have some time this morning to discuss?

Colin R. Kass

Proskauer Rose LLP
1001 Pennsylvania Ave, N.W.
Washington, DC 20004
202-416-6890
ckass@proskauer.com

Begin forwarded message:

> **From:** "Goldstein, Kevin B." <KBGoldstein@winston.com>
> **Date:** January 6, 2021 at 1:12:01 PM EST
> **To:** "Kornreich, Edward S." <EKornreich@proskauer.com>
> **Cc:** "Lamberg, Heather" <HLamberg@winston.com>
> **Subject: RE: FTC v. Hackensack Meridian Health, Inc., et al., No. 2:20-cv-18140 (D.N.J.) - Hospital for Special Surgery**
>
> ***This email originated from outside the Firm.***
>
> Ed,
>
> Attached please find the subpoena to HSS, along with a cover letter. Thank you again for accepting. Please let us know if you'd like to discuss anything.
>
> Best,
> Kevin
>
> **Kevin B. Goldstein**
> Winston & Strawn LLP
> 35 W. Wacker Drive
> Chicago, IL 60601-9703
>
> D: +1 312-558-5869

> M: +1 847-571-7766
>
> F: +1 312-558-5700
>
> kbgoldstein@winston.com
>
> winston.com

**From:** Goldstein, Kevin B. <KBGoldstein@winston.com>
**Sent:** Wednesday, January 06, 2021 8:27 AM
**To:** Kornreich, Edward S. <EKornreich@proskauer.com>
**Cc:** Lamberg, Heather <HLamberg@winston.com>
**Subject:** Re: FTC v. Hackensack Meridian Health, Inc., et al., No. 2:20-cv-18140 (D.N.J.) - Hospital for Special Surgery

Thanks Ed.  We appreciate it and will send the papers over to you later today.

Best,
Kevin

> On Jan 6, 2021, at 8:07 AM, Kornreich, Edward S. <EKornreich@proskauer.com> wrote:
>
> Kevin:  we can accept service.
>
> **Edward S. Kornreich**
> Partner
>
> Proskauer
> Eleven Times Square, Room 2554
> New York, NY 10036-8299
> d 212.969.3395
> f 212.969.2900
> C 917.620.5340
> ekornreich@proskauer.com
>
> greenspaces
> Please consider the environment before printing this email.
>
> **From:** Goldstein, Kevin B. <KBGoldstein@winston.com>
> **Sent:** Tuesday, January 5, 2021 6:10 PM
> **To:** Kornreich, Edward S. <EKornreich@proskauer.com>
> **Cc:** Lamberg, Heather <HLamberg@winston.com>
> **Subject:** FTC v. Hackensack Meridian Health, Inc., et al., No. 2:20-cv-18140 (D.N.J.) - Hospital for Special Surgery
>
> **This email originated from outside the Firm.**

Dear Ed,

Winston & Strawn represents Englewood Healthcare Foundation ("Englewood"), one of the named defendants in the FTC's challenge to Englewood's proposed merger with Hackensack Meridian Health, Inc., *Federal Trade Commission v. Hackensack Meridian Health, Inc., et al.*, No. 2:20-cv-18140 (D.N.J.). We have prepared and intend to issue a subpoena for documents in that case to the New York Society for the Relief of the Ruptured and Crippled, Maintaining the Hospital for Special Surgery ("HSS"). We understand that you have represented HSS in other matters and can receive service on its behalf. Please let me know at your earliest convenience tomorrow (preferring by noon January 6) whether HSS will accept service of the subpoena. Thank you.

Best regards,
Kevin

**Kevin B. Goldstein**

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

D: +1 312-558-5869

M: +1 847-571-7766

F: +1 312-558-5700

kbgoldstein@winston.com

winston.com

<image001.jpg>

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

*******************************************************************************
*****************

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
*******************************************************************************
*****************