

UNITED STATES OF AMERICA

FEDERAL TRADE COMMISSION

WASHINGTON, D.C. 20580

February 26, 2021

The Honorable John Michael Vazquez
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:     *Federal Trade Commission v. Hackensack Meridian Health, Inc. and Englewood Healthcare Foundation*, No. 2:20-cv-18140

Dear Judge Vazquez:

During a status conference on January 4, 2021, in the above-captioned proceeding, Your Honor asked the parties to provide an update on the progress of discovery taken in this action approximately two weeks prior to the March 12, 2021 fact discovery deadline. The FTC provides its update to the Court below.

We note at the outset that during a meet-and-confer with Defendants on February 25, 2021, both sides agreed to submit this update as a joint letter and agreed to exchange each side's update at 2:00 pm Eastern. The FTC provided its update to Defendants at 1:58 pm Eastern. As of 4:30 pm Eastern, Defendants had not provided its update to the FTC. As a result, the FTC sends this letter on its own outlining its update.

We are available at the Court's convenience if the Court wishes to discuss any of the below.

**FTC's Discovery Update**

The FTC has served written discovery on <u>36</u> entities and deposition subpoenas on <u>35</u> entities or individuals from those entities.

Of the written discovery:

- The FTC has served document subpoenas on <u>34</u> third parties.

  - o   Of these document subpoenas:

1

- 29 were served by the FTC after Defendants served a document subpoena on that third party.

- 5 were served by the FTC prior to any document subpoena served on that third party by Defendants.

- The FTC also served written discovery on both Defendant entities, including document requests, interrogatories, and requests for admission.

Of the 35 deposition subpoenas:

- The FTC has served third-party deposition subpoenas on 24 third parties.

  o Of these third-party deposition subpoenas:

    - 19 were served by the FTC after Defendants served a deposition subpoena on that third party.

    - 5 were served by the FTC prior to any deposition subpoena served on that third party by Defendants.

- The FTC also served deposition subpoenas on 11 of Defendants' executives and on both Defendant corporate entities.

As of the date of this letter, most entities have either produced documents or indicated they will produce documents very shortly, and the FTC expects all but the following depositions will occur prior to the March 12 close of fact discovery:

- Two depositions of Defendants' executives
  - Anthony Orlando – SVP, Finance and CFO, Englewood
  - James Blazar – Chief Strategy Officer, HMH
- 
- A corporate representative from 

These four deponents appear on Defendants' preliminary fact witness list.

The Court asked for identification of any issues with third parties at this time. At this time, the only third party with which the FTC has an issue to raise is ███████████ ████████████. Discovery from ██████ is important because █████████ appears on Defendants' preliminary fact witness list.

On January 25, 2021, the FTC served a document subpoena on ████████ and a deposition subpoena on ████████. The FTC's document subpoena included 17 enumerated requests for documents. On February 8, 2021, ████████ served responses and objections to the FTC's document subpoena and committed to produce responsive documents to 2 requests, asked the

FTC to meet-and-confer on 12 requests, and indicated it would not produce documents in response to 3 requests. Additionally, on February 11, 2021, counsel for ███████ indicated that ██████████ was only available to sit for a deposition on March 19, one week after the March 12 close of fact discovery.

The FTC and ███████ held a meet-and-confer on February 15. Following that, the FTC has sent several letters and multiple emails to ███████ further narrowing the scope of the subpoena, asking for clarity from ███████ on a number of ██████████ positions, and asking for clarity on ██████████ unavailability to sit prior to March 19, but ██████████ has not meaningfully responded in any way. The FTC remains committed to working with ██████████ to ensure the FTC receives appropriate document discovery and ██████████ sits for a deposition in a timely manner, but given ██████████ recent lack of communication with the FTC, the FTC may need to move to compel ███████ to produce documents in response to the FTC's subpoena.[1] If this is necessary, the FTC will do so in a timely manner.

*     *     *     *     *

---

[1] The FTC notes that at 4:37 pm Eastern on Friday, February 26, 2021, as it was preparing to send this letter to Chambers, the FTC received a letter from ███████. It has not yet had the opportunity to review.

Respectfully Submitted,

*s/Jonathan Lasken*

Jonathan Lasken
Emily Bowne
Lindsey Bohl
Elizabeth Arens
Nathan Brenner
Christopher Caputo
Samantha Gordon
Nandu Machiraju
Christopher Megaw
Susan Musser
Harris Rothman
Anthony Saunders
Cathleen Williams

FEDERAL TRADE COMMISSION
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
(202) 326-3296
jlasken@ftc.gov

*Counsel for Plaintiff Federal Trade
Commission*

cc:     All counsel of record