March 8, 2021


The Honorable John Michael Vazquez
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101
Kathryn_Pearson@njd.uscourts.gov

Re:     *Federal Trade Commission v. Hackensack Meridian Health, Inc. and Englewood*
        *Healthcare Foundation*, No. 2:20-cv-18140-JMV-JBC –
        **Defendants' Update on Fact Discovery**

Dear Judge Vazquez:

        Defendants HMH and Englewood write to further update the Court on the status of outstanding fact discovery, as we advised we would in our previous update on February 26, 2021, which was provided in response to the Court's request at the January 4, 2021 case management conference to be informed of difficulties obtaining discovery from third parties. *See* ECF Nos. 92 & 57, CMC Tr. at 21:23-22:12.

        The close of fact discovery is less than five days away. While Defendants continue to strive to comply with the schedule set forth in the Case Management and Scheduling Order [Docket No. 61], significant discovery will remain open after March 12. In particular, while fourteen (14) party and third-party depositions have been completed thus far and another fifteen (15) depositions are scheduled for this week, twelve or thirteen more will take place following the current deadline for fact discovery. Defendants have made best efforts to complete all discovery by the March 12 cutoff date, but the difficulties in obtaining compliance from third parties have forced Defendants to postpone an increasing number of depositions after that deadline, particularly with several third parties who advise that they are unable to produce documents by that deadline.

        Under the circumstances, Defendants respectfully suggest that a short extension of the close of fact discovery would aid the Parties in obtaining compliance from third parties and scheduling the remaining depositions in an orderly manner. In particular, Defendants suggest that the Court extend the close of fact discovery by a minimum of two weeks. Defendants also ask the Court to direct the Parties to meet and confer regarding which other dates in the case schedule should move as a result of extending the fact discovery cutoff, with a joint letter to the Court describing the outcome of their discussions due on Tuesday, March 16, 2021 by 5 p.m. To facilitate those discussions, it would be useful to the Parties to have guidance on the Court's current schedule past the scheduled May 10, 2021 hearing start date.

        The current approach, which consists of the ad hoc scheduling of depositions after the current March 12th cut-off date, is no longer a practical solution. The challenges of scheduling multiple third party depositions within a narrow time window are compounded by the conflicts over which depositions may be taken past the March 12 deadline. For its part, the FTC has agreed

1

to depositions after the current discovery cutoff where the FTC issued the initial subpoena and the deposition therefore presumably serves the FTC's own tactical interests. However, for those third parties subpoenaed in the first instance by Defendants, the FTC has pressed for those depositions to take place before the discovery cutoff, even despite delayed responses and significant deficiencies in those document productions. For example, the FTC asked over three weeks ago to depose an HMH trial witness and 30(b)(6) designee, ▆▆▆▆▆▆, after March 12, but has refused to likewise schedule a late deposition of ▆▆▆▆▆▆, a hospital Defendants first subpoenaed and whom the FTC excludes from its proposed geographic market.

During a meet-and-confer on discovery matters this past Friday, March 5, the FTC asked Defendants whether they would be submitting this instant discovery update to the Court today. Defendants apprised the FTC of their position on Sunday evening, March 7, and informed the FTC they would be requesting a two week extension for fact discovery in light of the current circumstances. The FTC responded that it would evaluate Defendants' submission and respond "in due course."

To further illustrate the difficulties the Parties are encountering in complying with the current discovery cutoff, as well as the FTC's strategic approach to scheduling depositions out of time when convenient for it, Defendants below identify and describe as an update to the Court the specific instances of delayed (or incomplete) third party document productions and late depositions.

## Depositions Likely to Take Place After March 12

▆▆▆▆▆ Defendants' deposition of ▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, is currently scheduled for Friday, March 12. Defendant HMH served ▆▆▆ a subpoena to produce documents on January 6, 2021, and since then, have had at least five meet and confers with ▆▆▆ counsel regarding, among other items, the scope of the document subpoena and the time of compliance with the subpoena. Over the course of the aforementioned meet and confers, HMH identified certain priority categories of documents and agreed to limit the number of providers covered by certain document requests. On or about February 15, 2021, ▆▆▆ counsel indicated that with the modifications to the document subpoena and ▆▆▆ continued collection efforts, ▆▆▆ believed it would be in a position to comply with the document subpoena by late February or early March. ▆▆▆ counsel further noted that, while ▆▆▆ has been diligent in its collection efforts, the ongoing pandemic and the disparate sources from which ▆▆▆ needed to collect documents from has presented difficulties in complying with the document subpoena under the current schedule. To date, despite an agreement by Defendants to reduce the scope of the subpoena in exchange for a timely production, ▆▆▆ has not yet complied with Defendants' document requests. On Thursday, March 4th, counsel for ▆▆▆ advised Defendants that it still plans to make "a substantial production" of documents, but that it would not do so before early this week. Thus, as of the time of filing this letter, Defendants have no basis to assess whether ▆▆▆ forthcoming production will be in compliance with the subpoena, as modified, but the delayed production will not provide an adequate amount of time to review the documents that are produced prior to the currently

scheduled date for the deposition of ███.  For that reason, Defendants have requested that counsel for ███ identify an alternative date for the deposition to take place after March 12.

█████████████████ █ █████████████████████ is also ███████████████████████████████████████████████████████████████ Defendants' counsel had six discovery conferences with ███████ counsel from mid-January through the end of February concerning the scope of Defendants' subpoenas and priority documents Defendants sought for production.  The bulk of ██████ production was produced on February 25, one week before ███████ deposition, yet ███████ produced materials up to and including the day of the deposition itself.  Prioritizing compliance with the discovery cutoff, Defendants proceeded with a deposition of ███████████, ████████████, on Thursday, March 4, despite substantial deficiencies in ████████ document production, including (but not limited to) information and data specifically referenced in and underlying the statements made in the declaration ████████ provided to the FTC during its pre-complaint investigation.  Defendants are now forced to demand production of further documents from ███████ requested in their subpoena served in early January, and have reserved their right to seek further deposition testimony depending on the content of those documents.  Invariably at this stage, ensuring proper compliance with Defendants' subpoena will run past March 12.

████████████████████.  █████████████████████ non-compliance with Englewood's January 6 document subpoena.  While ███████ █ █████████████████████████████████████████████████████████████ has thus far produced only 4 documents.  On January 29, Defendants and ███████ reached an agreement on the documents to be produced and that ███████ would run Defendants' proposed search terms.  On February 3, ███████ assured Defendants it was "still on track" to meet that deadline.  When no documents were produced, ███████ promised to complete its document production the week of February 15 and raised no other issues, but then failed to meet that agreed deadline as well.  On February 25, ███████ informed Defendants for the first time that it "will not be in a position to complete its production before the March 12[th] discovery cut-off date," and attributed the reason to IT issues and COVID-19 (issues not raised before).  After more meet and confers, ███████ again revised its expected production date to "the end of the month."  Because of these delays, the ███████ deposition originally scheduled for March 10 has been delayed indefinitely pending a meaningful production of documents.  Defendants' position is that the deposition should be scheduled shortly after ███████ document production is substantially complete.  However, the FTC insists on either proceeding on March 10 without adequate documents, or else rescheduling the deposition for after the completion of expert reports and preliminary injunction briefing.  Either of the FTC's suggestions would significantly prejudice Defendants.

████████████████████████████ In order to comply with the Court's discovery deadline, Defendants are proceeding ███████ with a 30(b)(6) deposition of ███ █████████████████████████████████████—despite significant deficiencies in ████████ production.  Notably,



has refused to produce documents on ███████████████████████████████████
████████████████████████  ████████████████████████  Defendants have
reluctantly decided to proceed with this deposition but have expressly reserved their rights to press
for additional testimony following a complete production.

      **The Federal Trade Commission.**  Defendants issued a 30(b)(6) notice to the FTC on
February 10.  The FTC has steadfastly refused to designate a witness for this deposition (after also
advising that any such deposition would have to occur after March 12, because the FTC's "lawyer
resources are now fully committed to actual fact depositions for the rest of the discovery period,"
*see* Ex. A), and instead has requested a protective order from Magistrate Judge Clark excusing it
from complying with Rule 30 entirely.  Defendants have opposed that request.  [Docket No. 105.]
Magistrate Clark has scheduled a status conference this Thursday, March 11, to hear argument on
this dispute and, assuming he orders the FTC to comply with the Federal Rules, the FTC's
deposition will inevitably take place after the close of fact discovery.

      ████████████  ███████████████████████  had originally committed to
completing their document production by March 5 and sitting for its deposition on March 11.
However, on March 3, ████████ informed Defendants it is no longer able to complete its document
production as originally promised, but committed to a March 17 deadline with rolling productions
preceding that deadline.  Based on ████████ new promise to complete its production by March
17, Defendants agreed to reschedule the deposition for March 18.  The FTC has also agreed to
March 18.

      ████████████████████████  As the Court is aware, █████████████
███████████████████████████████████████████████████████████████████  has filed
a motion to quash the subpoena and Englewood will be filing a response tomorrow, March 9.
████████ motion is before Magistrate Judge Clark on March 11.

      ████████████████████  Counsel for ████████████████████████  requested a
postponement of the 30(b)(6) deposition and individual deposition of its ███████████████
████████████████, ████████████████, which had been scheduled for
March 10, 2021, to address an unresolved conflict of interest issue.  The Parties agreed, and the
depositions are now set for March 18, 2021.

      ████████████████  ████████  is the ███████████████████████████
███████████████████████████████████████████████████████  The FTC
deposed ████████████ corporate designee, ████████████, during its pre-complaint investigation, and
intends to depose him again.  ████████████  was unavailable for a deposition until March 19, and the
Parties agreed to that date for his deposition.

      ████████████████  ███████████████████████  finally produced documents on Friday,
March 5, for a deposition scheduled for Monday, March 8.  The Parties have rescheduled that
deposition to begin on Wednesday, March 10 after the FTC resisted rescheduling for after March

12.  With the limited time the witness has available on Mach 10, the Parties are discussing concluding that deposition on Monday, March 15.



████████████████████  Defendants obtained declarations from ████████████ and ████
█████████████████████  submitted a declaration on February 25.  The FTC noticed a deposition of
██████████  and that is scheduled for Thursday, March 18

███████████████████  Defendants obtained an employer declaration from █████████,
█████████  on February 25.  The FTC's deposition of █████████ is scheduled for
Tuesday, March 16.

█████████████████████  Defendants also obtained a declaration from ████
██████████████  on February 26.  The FTC subsequently issued a deposition
subpoena to █████████  for March 8, but was unable to come to an agreement with ████████
to take it that day with such short notice.  Defendants have cooperated with the FTC deposing
█████████  out of time, and the deposition is scheduled for Monday, March 15.

██████████████  On February 24, Magistrate Clark ruled that Defendants could
include ████████  on their trial witness list, which the FTC had opposed.  Defendants have
steadfastly cooperated with the FTC's desire to depose █████████, including providing dates after
March 12 as the FTC requested.  █████████  deposition is currently scheduled for March 17.

██████████████████  As mentioned in our last update, the deposition of one
███████████████████  was adjourned due to a family emergency.  That deposition
has been rescheduled for March 16 by agreement of the parties.

*  *  *  *  *

Defendants are available for a status conference to discuss these matters at the Court's convenience.

Respectfully Submitted,

*/s/ Paul H. Saint-Antoine*
Paul H. Saint-Antoine (Bar No. 04144-1989)
Frank F. Velocci (Bar No. 01886-1999)
John S. Yi (Bar No. 11997-2014)
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ  07932
Telephone:      973-549-7000
Facsimile:      973-360-9831
paul.saint-antoine@faegredrinker.com
john.yi@faegredrinker.com

Kenneth M. Vorrasi (admitted *pro hac vice*)
John L. Roach, IV (admitted *pro hac vice*)

Jonathan H. Todt  (admitted *pro hac vice*)
Alison M. Agnew (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW, Suite 1100
Washington, D.C.  20005
Telephone:          202-842-8800
Facsimile:          202-842-8465
kenneth.vorrasi@faegredrinker.com
lee.roach@faegredrinker.com
jonathan.todt@faegredrinker.com
alison.agnew@faegredrinker.com

Daniel J. Delaney (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone:          312-569-1000
Facsimile:          312-569-3000
daniel.delaney@faegredrinker.com

*Counsel for Defendant Hackensack Meridian
Health, Inc.*

*/s/ James Bucci*
Angelo J. Genova
James Bucci
Peter Berk
GENOVA BURNS LLC
494 Broad Street
Newark, NJ  07102
(973) 533-0777
agenova@genovaburns.com
jbucci@genovaburns.com
pberk@genovaburns.com

Jeffrey L. Kessler (admitted *pro hac vice*)
Jeffrey J. Amato (admitted *pro hac vice*)
Kerry C. Donovan
Johanna Rae Hudgens (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10163
Telephone: 212-294-4698
Facsimile:  212-294-4700
jkessler@winston.com
jamato@winston.com

kcdonovan@winston.com
jhudgens@winston.com

Heather P. Lamberg (admitted *pro hac vice*)
WINSTON & STRAWN LLP
1901 L Street, NW
Washington DC 20036
Telephone: 202-282-5274
Facsimile: 202-282-5100
hlamberg@winston.com

David E. Dahlquist (admitted *pro hac vice*)
Kevin B. Goldstein (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: 312-558-5660
Facsimile:  312-558-5700
ddahlquist@winston.com
kbgoldstein@winston.com

*Counsel for Defendant Englewood Health
Foundation*